## CARLISLE *vs.* COOPER.

## WATERS *vs.* Same.

1. A suit in equity may be sustained to ascertain the height to which the owner of a dam is entitled to flow back water upon the lands above the dam.

2. Where, upon the hearing, the evidence as to the facts in controversy is entirely satisfactory, the court will not order an issue, or wait for the result of a trial at law, before making a decree. Nor will it on the hearing refuse relief because the complainant has delayed his suit, if it is clear upon the evidence that he ought to have the relief.

3. A bill will not be dismissed upon motion of the defendant, for want of equity, where the court cannot adjudge that under the bill the complainant will not be entitled to relief at the hearing, upon any evidence that he can offer.

4. A suitor cannot be compelled to elect between a suit in equity to prevent future injury, and a suit pending at law to recover damages for past injury.

5. A suit in equity cannot be delayed until the determination of a suit at law, where it is for a different object.

This cause came before the court upon a motion by the defendant, first, to dismiss the bill for want of equity; or, second, to compel the complainant to elect between his suits at law and that in equity; or, third, to stay proceedings in this suit, until those at law be determined.

*Mr. Vanatta,* in support of the motion.

As to the practice in regard to making such a motion. Here there is no objection to having the question considered and decided at this time, on a motion.

Will the court entertain such a case?

The injury complained of occurred twenty years ago. The plaintiff has been in possession as owner, since the spring of 1859, over seven years. He specifies no time when, or place where, he made request to reduce the height of the dam. He

makes a general allegation of requests to abate, but the answer expressly denies them.

He took no legal proceedings whatever until August, 1866, when he brought an action at law. He then, before the action was at issue, filed his bill, viz. nineteenth September, 1866.

The answer denies any damage done to the plaintiff's land by the dam.

The plaintiff pretends no verdict or finding in his favor.

In *Holsman* v. *The Boiling Spring Bleaching Co.*, 1 McCarter 342, Chancellor Green said: "The Court of Chancery has concurrent jurisdiction with courts of law, by injunction, in cases of private nuisance. And it is a familiar exercise of the power of the court to *prevent*, by injunction, injury to water-courses by obstruction or diversion."

Every case which will support that doctrine will be found to be a case where the injury was threatened, not yet inflicted; or had been recently done, and was a clear violation of right, and an irreparable injury.

In *Earl* v. *DeHart*, 1 Beas. 281, the plaintiff had enjoyed the right claimed over twenty years. *The injury was recent*, and there was no dispute but that the obstruction injured the land of plaintiff.

In this connection the counsel also cited and commented on *Gardner* v. *Newburgh*, 2 Johns. C. R. 165; *Shields* v. *Arndt*, 3 Green's C. R. 238; *Bush* v. *Western*, Chan. Prec. 530; *Brakely* v. *Sharp*, 1 Stockt. 10; 2 Stockt. 207.

In *Hammond* v. *Fuller*, 1 Paige 197, the Chancellor ordered the case to be tried at law,

In *Ryder* v. *Bentham*, 1 Ves., sen., 543, the injury (obstructing a light) had just been done. An order was made to keep things in *statu quo* until the right could be tried at law.

Chancellor Green (*Holsman's case*, 343,) mistakes in saying that the remedy (injunction) was applied to prevent the pollution of a water-course in *Wood* v. *Sutcliffe*, 8 English L. & E. Rep. 217, 223. The motion was denied, and principally on the ground that, from the beginning of 1845 down

to the beginning of 1850, the defendant was allowed to construct and to use his dye works for a period of five years, without a hint being given on the part of the plaintiffs that he was doing anything which he had not a lawful right to do.

In this case the plaintiff had a verdict and judgment at law.

Indeed, all the cases referred to by Chancellor Green, and all the cases of that class, are injunction bills; bills for immediate injunction to prevent the doing of a *threatened* injury, or to arrest the further doing of an act very recently done.

They are all cases of prompt, immediate application to the court, and where the right is admitted, or else perfectly clear. None of them were for the reduction of a work put up fifteen or twenty years before, and used without question for a great length of time.

They are bills to *prevent* an injury, not to *redress* an injury done long before. This latter class of cases the court will not entertain until the right has been established at law, if at all. *Attorney-General* v. *The New Jersey R. Co.*, 2 *Green's C. R.* 136 ; *Van Bergen* v. *Van Bergen*, 3 *Johns. C. R.* 282.

The question of nuisance, or not, must, in cases of doubt, be tried by jury. 2 *Story's Eq. Jur.*, § 923 ; *Reid* v. *Gifford*, 6 *Johns. C. R.* 19 ; *Weller* v. *Smeaton*, 1 *Cox* 102 ; *Livingston* v. *Livingston*, 6 *Johns. C. R.* 497.

This bill has but two purposes. First, to try whether the dam, as against the plaintiff, is a nuisance. Second, as a bill of peace, to settle and secure the right, and to prevent multiplicity of suits.

The defendant, as appears by the bill, having been so long in the undisturbed enjoyment of the dam and flowage, cannot be called upon to litigate in this court the question whether the dam is a nuisance.

Nor will the court entertain a bill of peace, except where the plaintiff has satisfactorily established his right at law, or where the persons who controvert the right are so numerous as to render an issue under the direction of the court necessary, to bring in all parties concerned, and to prevent a mul-

tiplicity of suits. *Eldridge* v. *Hill*, 2 *Johns. C. R.* 281; *Leighton* v. *Leighton*, 1 *P. W.* 671; 2 *Story's Eq. Jur.*, § 854–7–9; *Cowper* v. *Clerk*, 3 *P.W.* 155; *Davidson* v. *Isham*, 1 *Stockt.* 187.

In *Butler* v. *Rogers*, 1 *Stockt.* 489, Chancellor Williamson said: " As a general rule, the court ought not to interfere in cases of nuisance, where the injury apprehended is of a character to justify conflicting opinions, whether the injury will, in fact, ever be realized.

*Mr. Pitney*, contra.

I. The power of a court of equity to *abate* a nuisance already erected, is as well settled as its power to *prevent* the erection by injunction. *East India Co.* v. *Vincent*, 5 *Atk.* 83; *Van Bergen* v. *Van Bergen*, 3 *Johns. C. R.* 282; *Hammond* v. *Fuller*, 1 *Paige* 197.

Same power affirmed, and without action at law. *Gardner* v. *Newburgh*, 2 *Johns. C. R.* 162; *Belknap* v. *Belknap*, 2 *Ibid.* 472; *Earl* v. *De Hart*, 1 *Beas.* 287; *Reid* v. *Gifford*, *Hopkin's C. R.* 416.

This is really a bill for injunction to prevent Cooper *raising the water.* It is the filling the dam with water we complain of. *The dam in itself is no nuisance.* We care not for the abatement, but want injunction to *prevent use of dam.*

The case is within well settled principles of equity. 2 *Story's Eq. Jur.*, § 925–6–8; *Robeson & Maxwell* v. *Pittinger*, 1 *Green's C. R.* 57; *Kerlin* v. *West*, 3 *Green's C. R.* 449; *Coulson* v. *White*, 3 *Atk.* 21.

No judgment at law is necessary. There was no judgment at law in any of the cases above cited.

Courts of equity only require it in doubtful cases. *Hayden* v. *Tucker*, 37 *Missouri* 214; *Amer. Law Reg.*, November, 1866, *p.* 62; *Shreve* v. *Voorhees*, 2 *Green's C. R.* 25, 33; *Hulme* v. *Shreve*, 3 *Green's C. R.* 116, 121; *Shields* v. *Arndt*, *Ibid.* 234, 247–9; *Holsman* v. *Boiling Spring Bleaching Co.*, 1 *McCarter* 242–3; *Bush* v. *Western*, *Prec. in Chan.* 530; *Finch* v. *Resbridger*, 2 *Vern.* 390.

The question at this time is : *Do the bills make a doubtful case ?* If so, court may hold the bills until right is settled at law.

We contend that the allegations of the bill make a clear case. 1. That dam was raised in the fall of 1846. 2. Backwater reaches our land. 3. Dam higher than bed of stream. *Hulme* v. *Shreve,* 3 *Green's C. R.* 121.

The answers cannot be read on this motion. But suppose we open them.

They admit : 1. Dam raised in 1846. 2. That it was higher than bottom of stream along complainant's land. *Hulme* v. *Shreve,* 3 *Green's C. R.* 121. 3. A reduction of dam since filing of bill.

This is an admission of nuisance. We allege *three feet.* They admit *nine inches.*

On defendant's own showing we are entitled to an injunction to prevent another raising of the dam.

The real question in the case is : *How much did Cooper raise his dam ?*

Inquiry peculiarly fitting to be made by a court of equity. It resembles the taking of an account, or fixing a disputed boundary. A jury would compromise the question.

If, when evidence is read, the Chancellor is in doubt, he many order an issue. *Townsend* v. *Graves,* 3 *Paige* 453-7 ; *Belknap* v. *Trimble, Ibid.* 600 ; *Smith* v. *Carll,* 5 *Johns. C. R.* 118 ; *Ansdell* v. *Ansdell,* 4 *Mylne & C.* 449, 454 ; 2 *Story's Eq. Jur.,* § 1478-9 ; *Black* v. *Lamb,* 1 *Beas.* 113.

II. Election between law and equity.

Complete answer is, that the suits at law and equity are not the same. One asks for damages caused by injury already done ; the other to prevent the recurrence of the injury.

Cases of indictment for assault and battery, and bail to keep the peace, are parallel. These are totally different.

Prayer for damages might have been added to these bills. In such case we must elect between the double remedy. *Hammond* v. *Fuller,* 1 *Paige* 197 ; 2 *Story's Eq. Jur.,* § 794-9 ;

*Royle* v. *Wynne*, 1 *Craig & P.* 252. This latter was a case of action in both courts, to recover land itself.

In *Carrick* v. *Young*, 4 *Madd.* 437, the Vice Chancellor went on the ground that the court would decree payment of the rent, if the lease was established specifically.

III. To stay proceedings.

What proceedings? taking testimony? how can that injure defendant?

The court may deny relief until right established by action at law. They may take control of suits at law as ancillary to the equitable proceedings, as is said in *Royle* v. *Wynne*, by Lord Cottenham.

But why stop us taking the depositions of these aged witnesses? We are asking no injunction, or order, or relief. We simply wish to proceed with testimony.

THE CHANCELLOR.

The complainant in this suit alleges that the defendant, in November, 1846, by raising his dam in Black river, below where it runs through the farm of the complainant, caused the water of the river to flow back on his farm, and that, although until 1853 he so regulated the gates in the dam as to cause very little to flow back, yet since that time he has closed them, and caused great injury to the farm of the complainant; that two suits at law, brought by complainant against defendant, for the damages caused by the overflow, one in 1861, and the other in 1866, are pending; that a verdict has been rendered in one in favor of complainant, but judgment is not entered.

The prayer of the bill is, that the height of the old dam, by which it is admitted he was entitled to flow back water, may be ascertained and settled, that the dam may be reduced to its original height, and that defendant may be perpetually restrained from raising it above that height, and from further obstructing the flow of the water by any increased height or other means, with the usual prayer for other relief.

Carlisle *v.* Cooper.

An answer has been filed, denying in general the allegations and equity of the bill.

In this state of the pleadings, a motion is made by defendant with a triple aspect. First, to dismiss the bill, on the ground that it shows no equity on which this court can give relief. It is agreed by complainant's counsel, that the case shall be considered on this motion, as if a demurrer had been put in, and the bill dismissed, if the court is of opinion that no relief can be had on this bill upon any proof that could be offered under it. Secondly, that the complainant elect between this and his suits at law. Or thirdly, in case the bill is not dismissed, and no election ordered, that the suit may be stayed until the determination of the suits at law.

A suit in equity may be sustained to abate or remove a nuisance, and also to determine the rights between parties in cases of this sort, and to ascertain the height to which the owner of a dam is entitled to flow back-water upon the lands above the dam. And this may be done, and is done in many cases, without any trial at law. In doubtful cases, resort in general will be had to trial by jury to settle and determine the facts. But when upon the hearing the evidence is entirely satisfactory to the court, it will not order an issue, or wait for the result of a trial at law, before making a decree. Nor will it on the hearing refuse relief because the complainant has delayed his suit, if it is clear upon the evidence that he ought to have the relief granted. But delay is often the ground for refusing a preliminary injunction, as in the case of the *Attorney General & al.* v. *The New Jersey Railroad Company*, 2 *Green's C. R.* 136. There the bridge was erected, at least so much of it as constituted the obstruction to navigation, before the application to the court. The court held the application too late, as the preliminary injunction is only a preventive remedy, and refused the application.

No suit at law can settle the height at which the defendant is entitled to keep the water by his dam. All that such suits can settle is as to the fact whether a certain height complained of is correct or not, but how much higher the

defendant may raise it, or how much lower he ought to reduce it, cannot be determined in the courts of law. The remedy is only in equity ; it is of the same class as the remedies to establish boundaries, and to quiet title. I cannot adjudge that under this bill the complainant will not be entitled to relief at the hearing, upon any evidence that he may produce to sustain it. The motion to dismiss must therefore be refused.

The application to compel the complainant to elect between this and his suits at law must also be refused, for the reason that the suits are for different objects. The suits at law are for damages for the past ; this is to prevent injury for the future. The complainant may be entitled to the relief he seeks in both courts, and a recovery in one would not interfere with his recovery in the other. His bill does not pray for damages for past injuries, and even if this court could, under the general prayer, ascertain in this suit the damages upon his application, he has made no such application yet, and when he does, it will be the proper time to interpose the existence of a suit at law, to arrest the inquiry here.

The third application, to delay this suit until the determination of the suits at law, must be refused for the reasons already given. The determination of the suit at law will not settle the height at which the defendant may maintain the water in his dam. It may settle that, at the times of the injuries there complained of, the water was too high, but how much it should be lowered, will yet remain to be settled here.

The motions must be denied.

And the same decision, for the same reasons, is rendered in the case of *Waters* v. *Cooper*, argued at the same time.