WILLIAM W. CONOVER

*v.*

MARGARET RUCKMAN.

· 1. It is not proper practice to move to dismiss a bill for want of equity, simply upon notice. The matter should come before the court upon demurrer.

2. Moneys in the hands of a sheriff, raised by him in pursuance of a decree of this court, is not liable to seizure by attachment.

3. This court will, if necessary, dissolve an injunction on its own motion, where it appears that the writ has been issued in a case where the party asking it had no right to it.

On motion to dismiss bill.

*Mr. Jacob Weart,* for motion.

*Mr. Chilion Robbins,* contra.

THE VICE-CHANCELLOR.

This is a motion to dismiss a bill for want of equity. It is made simply upon notice. I am not aware of any precedent for it. *Swedesborough Church* v. *Shivers, 1 C. E. Gr. 453,* is cited as an authority, but it is not, the motion there being based upon the maxim, *de minimis non curat lex.* Two previous motions of this kind seem to have been entertained by the court (*Carlisle* v. *Cooper, 3 C. E. Gr. 247,* and *Curry* v. *Glass, 10 C. E. Gr. 108*), but it will be observed in each the chancellor was careful to state that they were entertained because the counsel of the complainant consented that the cases should be considered as though before the court on demurrer. I think there is a third instance in which this course has been pursued, but I have not been able, in the short time I have had for investigation, to find it. These are the only cases, of which I have any knowledge, which give the least countenance to the practice sought to be

established by this motion. They are not precedents, and however apparent it may seem that such a practice would tend to promote dispatch and economy in the administration of justice, I do not feel at liberty to depart from what I consider the settled practice in such cases. The motion is resisted as not warranted by correct practice, and it must, therefore, be denied.

But the discussion of this motion has brought to the attention of the court the fact that the complainant's right to the injunction granted in this case, rests exclusively upon a seizure, by attachment, of certain moneys due to the defendant on a decree of this court. They were attached in the hands of the sheriff of Monmouth county, though he had not yet actually raised them, but was about to make the sale by which they were raised. They were attached as the property of the defendant's husband. If the moneys were not liable to seizure by attachment, the service of the writ was a nullity, and the complainant has acquired no right to the moneys, and no lien upon them, and, consequently, has no case. If this is the real condition of affairs, he must not be allowed longer to hold the injunction.

The supreme court, in *Shinn* v. *Zimmerman, 3 Zab. 150,* held that money due on a judgment recovered in a court of record, either in this state or another state, cannot be attached in the hands of the defendant by a creditor of the plaintiff; nor is money paid into court, or in the hands of a sheriff, liable to attachment. This doctrine was approved by this court, in *Hill* v. *Beach, 1 Beas. 47,* where Chancellor Williamson said : " The court will see that its own judgment is executed ; and where, by its solemn record, the money is declared to belong to a particular person, the court will not permit that record to be interfered with." This was the rule of the court of queen's bench as early as the reign of Queen Elizabeth. *Sir John Parratt's Case, Cro. Eliz. 63 ; Kerry* v. *Bower,* Id. *186 ; Comyn's Dig.,* Attachment D. Chief Justice Green said, in *Shinn* v. *Zimmerman,* that it rested on considerations of public policy, and was supported

by an unbroken line of adjudications. This court has recently re-affirmed it, holding that money due on a decree is not the subject of attachment. *Black* v. *Black*, *5 Stew. Eq. 74.*

But the course of decision by the supreme court has not been uniform. A doctrine, the exact opposite of that enforced in *Shinn* v. *Zimmerman*, has been twice declared by it. First, in *Crane* v. *Freese*, *1 Harr. 305*, where it was held that money raised by virtue of an execution, while in the hands of the sheriff, was liable to attachment, and that, after seizure under the attachment, the sheriff should pay it into the court out of which the process by which it was raised was issued, in order that such disposition might be made of it as the court should think proper. This case does not seem to have been considered by the court when *Shinn* v. *Zimmerman* was decided, at least no allusion is made to it, but it must be understood as having been overruled by *Shinn* v. *Zimmerman*, for it is there very distinctly held that money paid to a sheriff on an execution, while it remains in his hands, is, upon considerations of public policy, exempt from seizure by attachment. The two adjudications stand at opposite extremes. The second case is *Davis* v. *Mahany*, *9 Vr. 104.* By it the doctrine of *Crane* v. *Freese* is unequivocally re-affirmed. No attempt is made to distinguish it, nor the case which it follows, from *Shinn* v. *Zimmerman*. They are indistinguishable, at least in principle, for to say that money due on a judgment or decree, while in course of collection, cannot be attached, but can be after it has been made by the officer, or paid to him, though it is still under the control of the law, would be a distinction quite too subtle, in my view, to be the fit foundation of a rule of justice.

This review shows how sharply the adjudications stand in conflict. The course of opinion in the supreme court has fluctuated, the last adjudication there being in favor of the complainant's right, while this court has uniformly held that property situated as that in controversy was at the time of seizure, is not liable to attachment. In this condition of

affairs, my duty is plain. I am not to make the law, but simply to declare it. And when precedents differ, I must follow those established by this court. I must, therefore, declare, to give judgment in the words of Chief Justice Green, in *Shinn* v. *Zimmerman*, "That the writ of attachment in this case was never served, or, what is tantamount, it was served upon property not liable to attachment. The service was, therefore, void."

The position, then, of the parties before this court, is this : The complainant has an injunction, obtained upon an *ex parte* application, which, it now appears, he was not entitled to; under it moneys are withheld from the defendant to which, by the rule of this court, she has a clear and unquestionable right. These matters have come to the attention of the court, not on a motion to dissolve the injunction, but on a motion to dismiss the bill. This, however, I regard as quite immaterial. The court now knows it has put its prohibitory power into exercise in a case where the party asking it had no right to it. That is the important matter. Under such circumstances, the injunction should be dissolved at once by the court, on its own motion. To hesitate or argue about a mere matter of procedure in such a case, would, in my judgment, be the worst kind of injustice.

The injunction must be dissolved.