SMITH COLLINS

*v.*

THE DELANEY COMPANY et al.

[Submitted May 3d, 1906. Decided June 18th, 1906.]

The time of the performance of a contract for the sale of lands may be made of the essence of the contract, by its express terms. A bill which seeks relief upon such a contract, but which discloses that by its terms, time was of the essence of the contract and admits that the contract was not performed according to its express terms, is demurrable.

On demurrer.

*Mr. John C. Reed* and *Mr. Clarence L. Cole,* for the defendants.

*Messrs. Bourgeois & Sooy,* for the complainant.

MAGIE, CHANCELLOR.

The bill in this cause is filed in the name of Smith Collins, but for the use and benefit of Max Stoerle, who claims to be the assignee of the rights of Collins which the bill seeks to enforce.

The bill commences with a detailed statement respecting a contract for the sale and purchase of land in Atlantic City made between William Moore, its owner, and Smith Collins and E. Sterling Han, as purchasers. This is followed by statements that Collins acquired Han's interest, and that Collins and Moore

extended the time for the performance of the contract up to a specified date.

The demurrer presents no objection to the inclusion in the bill of the statements of the above-mentioned contract, although no relief is sought upon it. Probably its inclusion may be justified as disclosing the circumstances under which the contract, upon which relief was sought, was made. Those circumstances are the following: After several extensions of the time of performance, Collins was informed by Moore that the contract must be performed on the specified date. It is admitted in the bill that Collins was unable to perform, except by borrowing $7,500 of the purchase-money (which was $14,000), the remaining $6,500 being, by the terms of the contract, to be secured by mortgage on the land. Collins applied to Delaney, the president of the Delaney Company, for a loan of that amount, and asserts in his bill that he was promised that such a loan would be made on the day fixed for the performance of the contract. When the parties met on that day the proposed loan was not made. On the contrary, Collins acquiesced in the conveyance of the land by Moore to the Delaney Company, and accepted from that company a contract, which is now sought to be enforced.

That contract was dated on September 1st, 1904. The Delaney Company thereby leased the land conveyed to it by Moore to Collins for the period of four years, at the yearly rent of $1,500, payable at the rate of $125 per month, in advance. It further contained a clause whereby the Delaney Company agreed to sell the land to Collins for $14,000, to be paid as follows: $1,500 on August 31st, 1905; $1,500 on August 31st, 1906; $1,500 on August 31st, 1907; $3,000 on August 31st, 1908, and the balance of the price, $6,500, by a first mortgage on the land, with interest, at the rate of six per cent., payable semi-annually.

The bill states that Collins did not pay the Delaney Company the $1,500 which was to be paid on August 31st, 1905, according to the terms of the contract. It states, however, that on October 7th, 1905, Collins tendered to the Delaney Company $1,500, with

interest thereon from August 31st to October 7th, 1905. This tender was refused by the Delaney Company.

The prayer of the bill is twofold—*first,* that the Delaney Company may be decreed to accept the $1,500 tendered, as stated, with interest, in payment of the first installment of the purchase price under the contract, or *second,* that it may be decreed to accept the whole of the purchase price upon a conveyance of the land to complainants.

The relief claimed in the latter prayer is obviously unenforceable under the statements of the bill. The purchaser has no right to advance the performance of any part of the contract. By it a lease of the land, on terms that are evidently valuable, has come into existence, which the landlord has a right to have continued to the end of the term.

The demurrer not only objects to the relief respecting the whole contract, but insists that, upon the statements and admissions of the bill, the right of complainant to any relief is plainly unenforceable.

The claim of defendant is that complainant has lost any right in respect to a purchase under the contract because he did not perform, or offer to perform, according to its terms. It is conceded that the $1,500 which was required to be paid on August 31st, 1905, was not then paid or tendered. It was afterward tendered, with interest to the date of tender.

It is settled law in this state that the time for the performance of a contract for the sale of lands is, in general, not of the essence of the contract, but that it may become so in various ways, among others, by the express language of the contract. The doctrine that equity will not permit parties to stipulate respecting the time of performance, so as to fix their respective obligations, has never been adopted in this state. An express contract, making time a particular of it, cannot be ignored by a court of equity. *Bullock* v. *Adams' Executors, 20 N. J. Eq. (5 C. E. Gr.) 367; King* v. *Ruckman, 21 N. J. Eq. (6 C. E. Gr.) 599; Griggs* v. *Landis, 19 N. J. Eq. (4 C. E. Gr.) 350; Dynan* v. *McCulloch, 46 N. J. Eq. (1 Dick.) 11; S. C., Id. 608; Cranwell* v. *Clinton Realty Co., 67 N. J. Eq. (1 Rob.) 540.*

The contract on which this bill is founded is disclosed therein to have contained the following stipulation:

"It is mutually agreed, as a further condition for granting this lease and option of purchase, by and between the parties hereto that a single failure to pay the rent or rents stipulated or the amounts due under said option of purchase, upon the day and dates named herein, shall forfeit absolutely for all time the option of purchase and leasehold interest herein contained, and shall make said option of purchase and leasehold interest null and void, and the same as if said option of purchase and leasehold interest had never been written."

If it be possible for parties to a contract of sale to make time an essential of the contract by their express language, I think these parties have done so.

Having reached this conclusion, it is unnecessary to consider the other objections made to the bill. Upon its statements it is apparent that no relief can be granted, and the demurrer must be sustained.