On June 12th, 1924, the parties entered into a written contract for the sale of certain real estate by the defendant to the complainant, under the terms of which title was to pass on August 2d of that year. No appearance was made by the complainant at that time, and, subsequently, on August 18th, notice was given to complainant, in writing, by the defendants through their attorney, fixing September 8th as the time, and the office of said attorney as the place for closing title and making time of the essence of the contract. The letter specifically stated that the defendants made time of the essence and carefully showed that the attorney only obeyed their instructions. On that day the complainant, accompanied by his attorney, repaired to the place designated, but not prepared to accept the defendants' deed, and seeking a postponement until two days later. The bill then alleges that such an extension of time was granted. It is not said by whom the extension was granted, but the defendants do not rely upon this informality, but upon a theory which, if established, will result in a complete determination of the suit. The defendants, considering the contract as terminated upon failure to comply with its terms on September 10th, have refused to recognize any rights claimed therein by the complainant; whereupon this bill was filed, seeking a decree for specific performance.
The defendants have given notice of a motion to strike out the bill, not upon the usual ground that it is inartificially drawn and does not express a cause of action, but because, out of the mouth of the complainant himself, it is made to appear beyond peradventure that there is no basis, in fact for the bill, and that the complainant cannot produce proofs *Page 210 
thereunder, or under an amended bill, that will entitle him to the remedy he seeks. The chancellor, in Carlisle v. Cooper,18 N.J. Eq. 241 (at p. 248), upon a motion to strike out a bill, says:
"I cannot adjudge that under this bill the complainant will not be entitled to relief at the hearing, upon any evidence that he may produce to sustain it. The motion to dismiss must therefore be refused."
From this language it would seem that the converse might be true. In Conover v. Ruckman, 32 N.J. Eq. 685, an application was made to the chancellor to dismiss a bill. The application was based upon a simple notice, and he decided that there was no practice for such a proceeding in lieu of demurrer at that time, although, now, of course, it is permitted. Nevertheless, when it was made to appear, beyond the possibility of contradiction, that the complainant was not entitled to the preliminary injunction, he disregarded the formal matters of practice and dissolved the injunction or restraint then existing. From these cases it is argued, and I think with soundness, that where a bill upon its face appears to set forth a valid cause of action, but it is otherwise made to appear by the complainant's own proofs, such as the verifying affidavits or schedules annexed to his bill or otherwise, that in all truth and honesty the bill does not exhibit the true state of facts, and that the latter preclude all possibility of his success, there is inherent power in the chancellor to dismiss the bill. For the purpose of establishing the necessary facts to bring their motion within the rule just expressed, the defendants, by answers to interrogatories, the affidavit of complainant's attorney filed by the complainant, his solicitor and counsel in this suit, and the examination of the complainant in open court, now establish by the oaths of the complainant himself and his own witness, that the alleged extension of the time for passing title was accorded, not by the defendant, or either of them, but by their attorney, who was without authority to do so. In this connection it should be said, in fairness to him, that the attorney for the defendants, and now their counsel in this suit, emphatically denies that any such extension was promised by him, *Page 211 
but, on the contrary, he says that at that time he expressly declined to accede to the complainant's request that additional time should be allowed him for conforming with the terms of his contract.
There can be no doubt of the authority of a vendor to make time of the essence of a contract by giving notice to the vendee, as was done in this case, notwithstanding the doubt expressed by Vice-Chancellor Garrison in Cranwell v. Clinton Realty Co.,67 N.J. Eq. 540. The matter has been set at rest by the opinion of Vice-Chancellor Backes in Orange Society of New Jerusalem v.Konski, 94 N.J. Eq. 632; affirmed on the opinion of the vice-chancellor in 95 N.J. Eq. 254. Therefore, time was of the essence, and that is an extremely important circumstance. Therefore, any default in this respect on the part of either party gave to the other the right to treat the contract as breached and at an end. The court of errors and appeals has decided, in Doctorman v. Schroeder, 92 N.J. Eq. 676, that a lack of punctuality under such circumstances is fatal to the rights of the defaulting party. In that case Vice-Chancellor Leaming's opinion, which was adopted by the upper court, says:
"Approximately a half hour after the time, probably about forty minutes after, an effort was made upon the part of the purchaser to induce them to take the money, and they refused to do so."
Nevertheless, the purchaser was found to have forfeited all rights under the contract by a delay of between thirty and forty minutes. The circumstances in the case at bar are very much stronger against the purchaser than in the case cited.
Of course, the notice given by a vendor, fixing a definite time for the payment of the purchase price is for his benefit, and, like all purely personal advantages, may be waived by him or his duly authorized agent, either expressly or by implication. And thus we are brought to the main and novel question presented in this case, to wit: Is there any implied authority in an attorney or agent acting for a vendor, on the passing of title under a written contract, to extend the time therefor when the contract, by its terms, makes time *Page 212 
of the essence thereof? Neither in the bill of complaint nor any of the proofs is it pretended that there was any express authority conferred upon the attorney for the defendants to grant such a postponement, and, therefore, if the power existed it must be by implication of law. The authority of an attorney-at-law in matters not immediately connected with litigation, is much more circumscribed than in the conduct of litigated causes. 4 Cyc.943 et seq. In effect, the attorney represents the seller in such transactions as the latter's agent, and his authority must be delineated by an application of the elementary rules of agency. A principal is bound by the acts of his agent, both within the authority expressly given to the latter and also by all acts performed within the apparent scope of his authority.Borcherling v. Katz, 37 N.J. Eq. 150. The acts of a special agent do not bind his principal unless the former's authority is strictly pursued, and those who deal with such an agent are charged with notice of the extent of such authority. Cooley v.Perrine, 41 N.J Law 322; affirmed in 42 N.J. Law 623; Milne v.Kleb, 44 N.J. Eq. 378; Dowden v. Cryder, 55 N.J. Law 329.
When a vendor delivers a written contract for the sale of land to an attorney, and asks the latter to represent him upon the passing of title, without further instructions, and it is known to the purchaser that the contract, by its express terms, has fixed a final, specific day upon which the deed is to be delivered, the purchase-money paid, and the other matters in the contract adjusted and concluded, the charter of the agent's powers fixes them, and the purchaser cannot thereafter claim the benefit of any treaty with the agent not found within the contract, either expressly or by necessary implication, unless the act of the agent is either expressly or impliedly ratified by his principal. If it is sought by the purchaser to modify any of the terms of the contract, or impose a new one in any material matter affecting the principal's right, the former must, under the cases just cited, make certain, at his own peril, that the agent's authority is sufficient to permit him to perform such act. In Dickerson v. *Page 213 Hodges, 43 N.J. Eq. 45, a solicitor filed a disclaimer which was not signed by the defendant, and which the complainant thereupon moved to strike out, which motion was granted upon the ground that the authority conferred by a retainer does not permit a solicitor to give up any of the substantial rights of his client, it is pointed out that he has no right to give up his client's security without payment, or accept part payment in satisfaction of a debt, and, in short, "he cannot surrender a substantial right of his client, without his client's consent."Howe v. Lawrence, 2 Zab. 99. It is equally clear that he cannot, unless expressly authorized, vary the terms of payment, or make the mortgage due at a later date, or even an earlier date, under some of the cases, because it is said that his principal may prefer to leave his money invested in an interest-bearing security. Speer v. Craig, 16 Colo. 478;27 Pac. Rep. 891; Siebold v. Davis, 67 Iowa 560; 25 N.W. Rep. 778;Dayton v. Buford, 18 Minn. 126; Henry v. Lane,128 Fed. Rep. 243; 62 C.C.A. 625.
If he was considered the alter ego of his principal, as is sometimes done under a power of attorney authorized to perform any act that the latter could do, it would permit him to decrease the price to be paid by the purchaser, or reduce the interest rate on a purchase-money mortgage to be taken back by the vendor. He has no more right to depart from his instructions than has an agent in the familiar illustration of one who, being authorized to purchase for cash, undertakes to buy on credit.
If the agent was not dealing with a situation rigidly circumscribed by the terms of a written document, perhaps a different conclusion might be reached. But it must be borne in mind that if he is not presumed to know the law, at least the purchaser's ignorance thereof cannot be successfully advanced in his defense, and it is elementary that one who deals with an agent knowing that his authority is limited, and transgresses such limits, cannot hold the principal. 21 R.C.L. 908. Or, if the contract did not make time of the essence, there might be a different question presented. But for the reasons mentioned, it would seem that the answer to the *Page 214 
proposition involved in this case is that the agent was without authority to extend the time for passing title between the parties under the circumstances described.
The bill should be dismissed.