The complainants endeavor to compel the defendants to convey to them certain premises situate in Atlantic City, New Jersey, together with certain goods and chattels enumerated in the bill.
The parties, on or about January 25th, 1925, entered into an agreement, in which they recited that the parties had theretofore, on September 3d 1924, entered into an agreement respecting the sale of the said premises; that the parties of the second part thereto (the complainants) had undertaken and agreed to make certain payments, which they had failed to make; that there remained due and unpaid upon said agreement the sum of $3,750 on account of the purchase price, and, in addition thereto, carrying charges and adjustments; that the parties of the second part had applied for an extension of time within which to fulfill their part of the agreement, and had agreed to pay to the parties of the first part the sum of $500 as consideration for entering into the agreement, and the payment of the sum of $3,750, together with certain carrying charges and installments therein specified.
It was also agreed that the last payment should be on the 1st day of September, 1925, and to be the amount of the balance then to be found due.
The parties of the first part agreed to accept as a part of the consideration for said premises a purchase-money mortgage of $8,500, and further agreed upon the terms and conditions of the agreement being performed by the said parties of the second part, to execute and deliver to the said parties of the second part a good and sufficient conveyance of the premises.
It was also agreed that the said agreement was supplemental to the said first-mentioned agreement, to be attached to and form a part thereof, all of the terms thereof to remain in force except as supplemented or altered. *Page 161 
Settlement was "to be made at the office of the Chelsea Title and Guaranty Company, Atlantic City, New Jersey, on September 1st, 1925, at the hour of three o'clock in the afternoon," and time was to be of the essence of the contract.
The agreement of September 3d 1924, provided that the consideration for the premises therein described, and the goods and chattels therein enumerated, was to be the sum of $55,000, payable as therein set forth. A part of the consideration was the assumption of a first mortgage of $15,000, a second mortgage of $19,000 and the payment of a third mortgage of $4,500.
The parties attended at the office of the Chelsea Title and Guaranty Company of Atlantic City, at ten o'clock in the forenoon of September 1st, 1925, with all the parties present excepting Isaac Singer, together with counsel and real estate brokers interested. A recess was taken for lunch and parties returned at one o'clock. The title company's clerk made up a statement for settlement, showing that there was due from the buyers to the sellers the sum of $4,260.63, in addition to the amount of the purchase-money mortgage to be executed.
The sellers presented a duly executed deed and bill of sale to the buyers. After discussion concerning the name of the grantees therein, it was agreed that Mr. Charlton, attorney of the buyer's, would prepare a deed conveying to Mrs. Singer, alone, the premises. This was done and the new deed duly executed by the sellers.
It was disclosed that Mrs. Singer was unable to deliver the purchase-money mortgage as her husband was not present and could not be reached, and that she did not have sufficient money to make the final settlement.
The parties separated, and the only question for consideration is the claim on the part of the complainants that the defendants (the sellers) extended the time for settlement to some later and unfixed time.
I am convinced that this contention must fail, and that the defendant at all times insisted that settlement must be made that day in accordance with the contract. The testimony of Mr. Gardner, the assistant secretary of the *Page 162 
title company, who was the clerk making the settlement, was "that the parties left the office of the title company with the understanding that Mrs. Singer was to prepare herself to complete said settlement before the close of that day, and, when so prepared, that she would deposit with the title company the money due, together with such legal papers as she was obligated to execute and deliver."
This was the testimony also of other witnesses for the complainants. No bond and mortgage was deposited on that day, nor was the amount due deposited, although later, on the same day, one Stern presented himself at the title company's office with $500 in cash, stating that he was making that deposit on account of the money due in said settlement, and that he would be back later in the day with the balance of said money.
This money was refused as a deposit, but, at Mr. Charlton's request, Gardiner placed it in an envelope, sealed it and placed it in the safe of the company, where it remained until October 7th, 1925, when it was returned to Mrs. Singer. No other money was deposited, nor was any bond and mortgage presented to the title company, to be used in making settlement.
Later, at some period not before September 8th, 1925, the said Ida Singer was prepared to make settlement. Upon being notified then, or later, of such fact, the defendants refused to deliver the deed.
The contract between the parties expressly stated that time was of the essence, and cannot be ignored. Collins v. Delaney,71 N.J. Eq. 320, and cases therein cited.
Finding that the defendants did not waive such right, and did not extend the time for making such settlement, the bill must be dismissed.
The complainants were in possession of the premises by virtue of a lease between the parties, and I granted an order restraining the defendants from further proceedings in the district court of Atlantic City for the purpose of dispossessing them.
 This order must now be vacated. *Page 163