Thomas L. Kerney, plaintiff-appellee,

*v.*

Richard H. Johnson, defendant-appellant.

[Argued October term, 1928.   Decided February 14th, 1929.]

*Messrs. Kreps & Bell* (*Mr. F. Stanley Kreps,* of counsel), for the appellant.

*Mr. James J. McGoogan,* for the appellee.

The following opinion was prepared by former Mr. Justice Minturn, in compliance with the assignment to him.   It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

Minturn, J.

This is an appeal from a final decree of the court of chancery in which a bill was filed for the specific performance of a contract for the sale of certain real estate situated in Ocean City, in the county of Cape May.   The vendor was Thomas L. Kerney, the complainant, and the vendee was Richard H. Johnson, the defendant.   Kerney entered into a contract on August 14th, 1925, with The Shore Gardens, Incorporated, a

corporation, to purchase a number of lots located as aforesaid for the sum of $97,565. The agreement provided that certain improvements upon the property were to be completed before Kerney was to obtain title thereto, which improvements, in the language of the contract, were to be completed "not before September 15th, 1925."

About ten days after the execution of the agreement, Kerney entered into an agreement with Richard H. Johnson, by which he sold to him a part of the tract of land which he had thus purchased from The Shore Gardens, Incorporated, which contract contained a provision that the improvements were to be completed before the title was to pass to the purchaser.

It will be observed, therefore, that in neither contract was there any date fixed for the time of the passing of the title to the *locus in quo.*

Some delay resulted upon the part of The Shore Gardens, Incorporated, in making the improvements, and they were not completed until April, 1927.

On April 28th, 1927, Corson, a real estate man, and an agent of Kerney, wrote Johnson asking him to designate a time for the settlement and closing of title.

Nothing seems to have been done between April 28th, 1927, and June 21st, 1927, in regard to closing the transaction. On that date Johnson saw Corson and told him he would call at his, Corson's office, at one o'clock and make settlement for the lots. Corson arrived at the office a few minutes after one, and found that Johnson had been there and had gone. Johnson was afterwards requested to complete the contract, but he refused to do so.

The property was subject to a mortgage, held by the Trenton Trust Company, but a release of the mortgage was obtained from that institution by Kerney on June 27th, 1927. There was no formal tender made of the purchase price; and in this situation Johnson did nothing to carry out his contract, and this bill for specific performance was filed against him.

The defense interposed was that time was of the essence of the contract, and that Johnson was ready and willing to

perform, but that Kerney failed to perform his part of the agreement.

The learned vice-chancellor fully and adequately discusses this factual situation in his opinion, namely, that the improvements were to be made and that title was not to be passed before such improvements had been made; and we agree with his finding in that respect.

It is true that the contract provides in a printed clause that time shall be of the essence of the contract; but, as the learned vice-chancellor very properly held, such a statement is not conclusive where it appears from the evidence and the conduct of the parties that they did not in fact so treat the contract, and did not in fact consider that time should be of the essence of the contract, but in reality waived by their own conduct that defense which they now urge as a barrier to recovery in the case. In such an eventuality, where the parties themselves have practically construed their own contract, such a clause does not control the situation, but the circumstances and the equities of the case as defined by the conduct of the parties present the best interpretation as to the meaning of such a clause; for concededly, under the settled construction of the law upon this subject, the acts of the parties in dealing with the subject-matter of their contract afford the best indication of their intention either to execute it or to annul it. *Acta exteriora indicant interiora secreta. 8 Coke Rep. 291.*

It appears to us, as it did to the learned vice-chancellor, that Johnson was not financially in a position to take title to the lots which he had contracted to purchase; nor did he deny that fact, although Corson testified that Johnson informed him that he did not feel financially able to take title to the lots, and his conduct in the whole case would indicate that, being financially unable to complete this contract, his main desire was, if possible, to evade and avoid the bargain made by him. He was not prepared at the time he fixed to accept a deed and to pay the consideration therefor, and he was unwilling to wait even for a few moments for the return of Mr. Corson to his office for the purpose of then and there reaching a conclusion which

might result in terminating the protracted delay incident to the closing of the title.

In our judgment the case of *Doctorman* v. *Schroeder, 92 N. J. Eq. 676,* cited by defendant, under its facts and circumstances and the rule there laid down, has no application to the situation portrayed in the present case.

It is contended that the title was not free of encumbrances and was not marketable. We think there was no proof whatever as to that contention, and we think the entire procedure of the defendant was devoid of a *bona fide* effort to carry out his contract, but on the contrary was intended for the purpose of evading it.

We think there was sufficient notice and demand made upon the appellant, requiring a settlement, to induce him to effectuate his contract if he intended to make a *bona fide* effort for the purpose, and honestly intended to execute it.

As the learned vice-chancellor has observed, the complainant had waited for the defendant to perform from May 1st to June 21st, and on June 27th the plaintiff took title from The Shore Gardens, Incorporated. and procured a release of the mortgage encumbrance so as to place himself in a legal status which would qualify him to pass the title he contracted to convey. The defendant knew, or must have known, the situation in this respect, but instead of taking advantage of it for the purpose of complying with his contract, either did nothing or purposely evaded doing anything to consummate the transaction.

The result of our consideration of the entire case, upon the merits and the law, is that the decree of the learned vice-chancellor should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 13.