BERTHA POST BOMMELYN, complainant-appellant,

*v.*

LILLIAN A. NORTH MASON MOSS, ARTHUR D. MOSS, her husband; ERNEST A. NORTH, trustee for Lillian A. North Mason Moss; LILLIAN M. BOTT and GEORGE BOTT, her husband, defendants-respondents.

[Argued October 27th, 1937.  Decided January 26th, 1938.]

*Frances Hart* (*Mr. Meyer Lobsenz,* of counsel), for the complainant-appellant.

*Messrs. Hart & Hart* (*Mr. Robert O. Bentley, Jr.,* of counsel), for the defendants-respondents.

The opinion of the court was delivered by

TRENCHARD, J.

The bill of complaint in this case was for a specific performance of a contract dated February 20th, 1926, for the sale of vacant lands by the then owner to the complainant. By the terms of the contract the purchase price was $1,800 payable $15 a month on the principal, together with interest. The contract was to be consummated on February 20th, 1936. It contained a thirty-day default clause and time was made of the essence of the contract. In 1932 the vendor sold the land to the defendant Mrs. Bott expressly subject to the contract. Mrs. Bott paid approximately $302 for the deed. Complainant's husband became sick, lost his job, and in October, 1933, he and complainant went to the defendant Mrs. Bott for an extension of time. Oral modification was made for such extension for an undetermined time for payments of principal—interest and taxes only to be paid. Interest and taxes were thereafter paid. This continued for several years up until Decoration Day of 1936 when, without notice or warning of any kind, Mrs. Bott declared a forfeiture. Thereafter she refused to accept any payments whatsoever from the complainant or her solicitor, although properly tendered. Considerable payments had been made on account of the $1,800 purchase price, and taxes and interest were paid for a period of ten years, and there was then only the small balance of $243.68 due and owing on the contract.

The court of chancery refused to grant complainant relief, holding that time was of the essence and that complainant's rights had been forfeited, and so dismissed the bill. Complainant appeals.

We believe that such conclusion inadvertently overlooked the full sweep and effect of the evidence, and we are con-

vinced, after a study of the proof, that strict performance of the contract was waived by the parties and there was no subsequent agreement or notice given to make time of the essence.

From 1933 until February, 1936, both parties acted upon the oral extension of time. The complainant made her last payment of interest on February 19th, 1936, and on the next day, February 20th, 1936, Mrs. Bott acknowledged the receipt thereof by letter "with many thanks" without objection or protest or then asking for any other payments. Matters continued very friendly. On May 14th, 1936, Mrs. Bott wrote complainant a letter telling of an opportunity to sell the property and asking her if she wanted to sell. The same day complainant answered that she did not want to sell. Nothing further of consequence occurred until along about Decoration Day of 1936 when, as heretofore pointed out, without any notice or warning, Mrs. Bott flatly declared a forfeiture and thereafter refused payment tendered of the full amount due. The evidence indicates that the reason for this precipitous action was because Mrs. Bott suddenly discovered that she could make a better bargain.

Now we think the rule dispositive of the present case, is this: Where the buyer of a vacant lot of land, because of the seller's attitude and the consequent course of dealing of the parties with reference to the contract, was justified in believing that it was not necessary for her to pay installments promptly, the buyer was entitled to reasonable notice from the seller of a change of attitude on her part, or a reasonable notice that the buyer's rights would be terminated unless she should promptly make payment of the final balance due, and without such reasonable notice the seller could not declare a forfeiture, even though the written contract made time its essence. *Brown* v. *Ely, 92 N. J. Eq. 487.*

Strict performance of a contract may be waived by the vendor. *Isbill* v. *Duffy, 110 N. J. Eq. 429.*

In *Kerney* v. *Johnson, 104 N. J. Eq. 244,* this court held that though the contract provided that time was of the essence, such statement is not conclusive where it appears from the evidence and the conduct of the parties that they did not in

fact so treat the contract, and did not in fact consider that time should be of the essence of the contract.

We believe that the facts in the case at bar show that the defendant Mrs. Bott lulled the complainant into a position of false security, and that she should not be permitted to declare a forfeiture, without giving the complainant a reasonable time to perform, as Mrs. Bott evidently unlawfully endeavored to do.

The decree below will be reversed, with costs, and the record remitted to the end that a decree for specific performance be entered.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.