The decision of this cause centers in the solution of a sharp and critical question of fact.
The transaction from which the present litigation is derived was instituted by an agreement dated September 5th, 1945, in which the defendants promised to convey and the complainant contracted to purchase on December 1st, 1945, for the price of $8,850 certain premises situate in the Borough of Surf City. The agreement embraces a stipulation that the time designated for the consummation of the sale "is of the essence" of the bargain. The settlement was not accomplished on December 1st, 1945.
It must be at once acknowledged that where, as here, the parties have expressly stipulated that the time for the performance of their mutual undertaking shall be an intrinsic, essential and vital term of the compact, a lack of punctuality is ordinarily fatal to the contractual rights of the delinquent party. There is perhaps no reported decision more illustrative of the strict adherence to that principle than that rendered by Vice-Chancellor Leaming and approved by the Court of Errors and Appeals in Doctorman v. Schroeder, 92 N.J. Eq. 676;114 Atl. Rep. 810. Vide, Collins v. Delaney Co., 71 N.J. Eq. 320;64 Atl. Rep. 107, and cases therein cited.
It is equally incontrovertible that such a provision declaring time to be of the essence is not in all circumstances conclusively operative. Its initial effectiveness may be subsequently waived and the intention to annul it may be disclosed by the conduct of the parties. Kerney v. Johnson,104 N.J. Eq. 244; 144 Atl. Rep. 808; Isbill v. Duffy, 110 N.J. Eq. 429; 160 Atl. Rep. 326; Bommelyn v. Moss, 123 N.J. Eq. 236;197 Atl. Rep. 6.
Conceding that those are the applicable principles of law, a concentration of the evidence in the present cause converges, as I view it, into a single specific, yet problematical, issue of fact. The complainant prays for a decree obliging the defendants to perform the contract of sale, asserting that the stipulation relative to the time of performance was abandoned. The defendants resist upon the averment that the obligation of the complainant to complete the agreement was not fulfilled *Page 237 
on the date specified and that the complainant consequently forfeited her right to enforce the contract.
I must rely upon the photography of the material facts as reproduced by the evidence. The property had been "listed" with Richard A. Zachariae, a local realtor, through whose agency the sale was negotiated. There is no doubt that the defendants as vendors contemplated and intended that Mr. Zachariae would represent them in all the anticipatory matters appertaining to the completion of the conveyance. Mr. Miller was then in military service, and Mrs. Miller was residing in Wilmington, Delaware.
The agreement bears date September 5th, 1945, but it was not executed by the defendants and returned to Mr. Zachariae until September 29th, 1945. I pause to state that Mrs. Miller acted for her husband in pursuance of a power of attorney. Her authority is not now impugned. On September 30th, 1945, the complainant executed a written application addressed to Beach Building and Loan Association requesting a mortgage loan of $5,000. On October 4th, 1945, the desired loan was granted. Tersely stated, it was the inability of the Title Company to complete the examination of the title and present its report that solely occasioned the failure to consummate the sale on December 1st, 1945.
On November 27th, 1945, Mrs. Miller was in communication with Mr. Zachariae by telephone, and he acquainted her with all the circumstances and suggested that the settlement be postponed until the receipt of the report of the Title Company. Mr. Zachariae testified that Mrs. Miller expressly assented to the suspension. Mrs. Miller acknowledges that Mr. Zachariae on that occasion informed her of the underlying reasons for the delay, but she denies that she voiced any acquiescence in the adjournment of the sale. Certainly she did not then exhibit any objection or insist that the stipulation of the contract be strictly observed and fulfilled.
Mrs. Miller did not appear at the broker's office at Ship Bottom on December 1st, 1945. The complainant, although she had been likewise informed of the situation by Mr. Zachariae, nevertheless journeyed from Philadelphia to the office at Ship Bottom on December 1st, 1945, and informed *Page 238 
Mr. Zachariae that despite the delay in completing the mortgage loan, she was prepared immediately to pay the full balance of the purchase price amounting to $8,350. A so-called "down payment" of $500 had been previously made. Mr. Zachariae assured her that such a course was unnecessary, and that Mrs. Miller had agreed to the postponement. She reposed confidence in his statement. However, to dispel any alarm Mrs. Miller might experience concerning her ultimate receipt of the purchase price, the complainant insisted that Mr. Zachariae accept $3,350. He did so and immediately informed Mrs. Miller of that payment. It was not until about January 10th, 1946, that the solicitors of the Building and Loan Association received a favorable report from the Title Company.
Mr. Miller was discharged from military service in December, 1945, and returned to his home in the latter part of that month. He confesses that there lurked in his mind the impression that the property might well have been sold at a more advantageous price. He divulged at the final hearing that in January, 1946, he received an offer of $12,000 for the property. It is, of course, immaterial. In the absence of fraud or bad faith, the circumstance that the value of property which is the subject of a contract has increased or diminished since the contract was executed will not ordinarily justify a court of equity in refusing to grant a decree of specific performance.49 Am. Jur. 78, "Spec. Perform.," § 64. Such a circumstance probably has a psychological effect upon the inclinations of the respective parties. On January 11th, 1946, Mr. Miller indicated to Mr. Zachariae a disinclination to execute a deed to the complainant because, as he stated, he doubted that he was legally bound by the power of attorney utilized by his wife.
On January 14th, 1946, Mr. Zachariae notified Mrs. Miller that the examination of the title had been completed, the entire purchase price was in hand, and requested Mr. and Mrs. Miller to arrange an appointment for the consummation of the sale. On January 15th, 1946, the defendants informed the complainant for the first time of their refusal to convey the property to her. *Page 239 
The foregoing narrative renders it obvious that the pivotal question is whether the stipulation respecting the time of performance of the contract was in fact waived. Mr. Zachariae was undoubtedly the agent of the defendants, but I am unwilling to hold that as such he had any authority arising purely by implication of law to extend the time of performance. Strauss
v. Rabe, 97 N.J. Eq. 208; 127 Atl. Rep. 188; affirmed, 98 N.J. Eq. 700; 130 Atl. Rep. 920.
If I were confined in my consideration of this cause simply to the contradictory assertions of Mr. Zachariae and Mrs. Miller, I might possibly resolve that the complainant had failed to adequately sustain the requisite burden of proof, Often in a cause in which the direct testimony is in a state of equilibrium, the tentative balance may be overcome and the truth discovered in the flakes of the evidence. So here.
The conduct of the parties must be heeded and the exhibits intently scrutinized. It is from those sources that I have searched for some corroborative inferences. I can recollect no reason to reject the testimony of Mr. Zachariae. In quest of the probabilities, I notice that the printed form on which the agreement was inscribed is represented to be "Agreement of Sale adopted by the Ocean County Real Estate Board, 1945." The clause "which time is of the essence of this agreement" is contained in the printed composition of the agreement. Mr. Zachariae, an Ocean County realtor, who was using such form of agreement was undoubtedly familiar with the presence of that provision in the contract. Possessed as he was of that knowledge, I am inclined to infer that he would be apt to solicit from Mrs. Miller her consent to the extension of time. Then, I observe that Mrs. Miller in her communication of September 19th, 1945, to Mr. Zachariae concluded, "The best to you your wife. Sincerely, Mary M. Miller," from which I deduce that Mrs. Miller had a cordial regard for Mr. Zachariae and hence in all reasonable probability would be guided by his suggestions in this transaction. Certainly she did not dissent. It would be fantastic for me to suppose that Mrs. Miller was not aware of the terms of the contract and of her rights. The unrebutted presumptions of law are to the contrary. *Page 240 
It might be theorized that in the circumstances Mrs. Miller was not obliged to speak. The indubitable fact is that on November 28th, 1945, Mrs. Miller knew that an examination of the title had been ordered and the letter of Mr. Zachariae under date of December 1st, 1945, apprised her that he had collected an additional $3,350 on her behalf and that the investigation of the title at the instance and expense of the complainant was in progress. The closing paragraph of the letter of December 1st, 1945, elicited instructions: "Shall I mail you my check for $3,350 or part thereof or hold these funds until finalsettlement is made?" (Italics mine.) Had Mrs. Miller opposed the deferment of the sale, it seems to me most unlikely that Mr. Zachariae would have sought an expression of her wishes in that particular. Mrs. Miller permitted her agent to "hold" the funds. Assuredly, Mrs. Miller by her course of conduct induced her agent and in turn the complainant to believe that a strict performance of the contract in point of time was not necessary. Brown v.Ely, 92 N.J. Eq. 487; 113 Atl. Rep. 698; Bommelyn v. Moss,supra.
In the treatment of cases factually similar to the one now before me, the decisions are commonly erected in their aspect upon principles of waiver, and yet frequently the characteristics of estoppel are nonetheless discernible. Forfeiture is a harsh remedy. Manifestations of good faith and good conscience have their appeal to a court of equity. The complainant throughout the transaction has exhibited those qualities. Mrs. Miller, fully aware of the circumstances, refrained from promptly asserting a claim of forfeiture, in nowise interrupted the investigation of the title which she knew was in progress and permitted her agent to receive and retain on her behalf a substantial portion of the purchase money. The behavior of the defendants induced the complainant to await the receipt of the title report. Certainly the defendants said or did nothing whatever to awaken her from the repose of her imagined security. Vide, 107 A.L.R. 347.
Aside from any adjudication of her legal duty to speak, I entertain the inference that if she had not acquiesced in the course being then pursued she would have spoken. *Page 241 
Additionally I ascribe some meagre significance to the wording of the letter of January 15th, 1946, addressed to the complainant by the attorney of the defendants. I quote from it the following paragraph: "Clients advise me that the contract was broken on two grounds, first in that you or your agents entered the premises without right, and secondly, settlement was not made on Dec. 1st in accordance with the contract." Singularly, in marshalling their grounds of rescission, the defendants subordinated as "secondly" the failure to consummate the sale at the time originally specified. The ground of defense now so imminent seems to have been then in the shade.
The testimony of Mr. Zachariae supplemented by the proof of the conduct of the parties and of the incidental circumstances impels me to the conclusion that Mrs. Miller and the complainant mutually assented to the postponement of the completion of the sale.
The additional defense is averred, although not stressed at the hearing, that Mrs. Miller did not formally acknowledge her execution of the agreement. The point is not tenable. Heinig v.Smellow, 138 N.J. Eq. 119.
A decree will be advised in favor of the complainant.