NELLIE Y. PIETSCH, RESPONDENT, v. STIRLING HOME BUILDERS, INCORPORATED, A NEW YORK CORPORATION, APPELLANT.

Submitted March 23, 1922—Decided June 6, 1922.

At law a time stipulated in a contract for its performance is of its essence, unless a contrary intent appears from the face of the contract, or unless there is evidence of a waiver of the time fixed for its performance by the party seeking rescission of the contract.

On appeal from the District Court of the city of Plainfield.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *William Newcorn.*

For the respondent, *Andrew L. McDonough.*

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal from a judgment rendered by the District Court of the city of Plainfield. The plaintiff and defendant entered into a written agreement by which the plaintiff agreed to purchase for $1,250 a lot in the city of Plainfield. The agreement provided that the defendant was to bring water and electricity to the property on or before July 5th, 1921. Four hundred dollars was paid by the plaintiff on the date of the agreement, June 21st, 1921; and the balance of $850 was to be paid at such time when the water and electricity had been brought to said property, on or before July 5th, 1921, upon the presentation of a warranty deed and title search. The agreement further provided that in the event of the vendor failing to perform its agreement, it would return to the purchaser the $400 paid under the agreement. The plaintiff at the time of the making of the agreement refused to execute it unless the time of

performance was specifically stated, as she was going on a vacation, had bought a portable house for immediate delivery, and desired everything finished on July 5th. It was for these reasons that the contract was written to provide for the conveying of water and electricity to the premises on or before July 5th. On July 5th the plaintiff found that the defendant had not complied with its contract. On July 6th, upon making another examination of the premises, the plaintiff found that the work had not been commenced. She thereupon informed the defendant that she rescinded the agreement and demanded the repayment of her deposit. Upon the defendant's failure to pay this action was instituted. The defence was that orders had been given to a plumber to make the connections but that he had not done so until July 7th; and that as time was not of the essence of the contract, the plaintiff was not entitled to the recovery of her deposit; and that a nonsuit should have been granted by the court. This defence was overruled and judgment given for the plaintiff. From this judgment the present appeal was taken.

The facts above recited show that not only did the defendant covenant that it would bring water and electricity to the property on or before July 5th, 1921, but the payment of the balance of the purchase price was conditional upon bringing water and electricity to the premises on or before July 5th, 1921. The evidence was also to the effect that the insertion of the date of July 5th was made at the request of the plaintiff, after the contract was drawn up and before its execution. The reasons for the plaintiff's desiring the date for the performance of the agreement to be final as not later than July 5th have been referred to. In our opinion, the finding by the District Court that time was of the essence of the contract which it must have made to render judgment for the plaintiff, was fully justified by the terms of the contract and the evidence. At law, the general rule is that a time stipulated in a contract for its performance is of its essence unless a contrary intent appears from the face of the contract. 13 *Corp. Jur.* 686. In the case of *Shinn et al.*

v. *Roberts,* 20 *N. J. L.* 435, Mr. Justice Carpenter, in speaking for the court, said:

"As I hold it, the time fixed for the performance is at law deemed of the essence of the contract. It is true that it is not, generally, so considered in equity, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. * * * Courts of equity, sometimes, will not decree a specific performance, though damages may be recovered at law. So those courts frequently decree a specific performance, when the action at law has been lost, by the default of the very party seeking the specific performance, if it be notwithstanding conscientious that the agreement should be performed. It is thus, in cases where the terms of the agreement have not been strictly performed on the part of the person seeking specific performance; though to sustain an action at law performance must be averred according to the very terms of the contract.

" 'The general opinion,' says Sir Edward Sugden (1 *Sugd.* 294), 'has always been, that the day fixed was imperative on the parties at law. This was so laid down by Lord Kenyon, and has never been doubted in practice. The contrary rule would lead to endless difficulties.' "

The plaintiff was entitled to the benefit of the precautions taken by her in the drafting of the agreement to insure performance by the vendor of the terms under which the purchase was made, or a return of her deposit. There was, under the terms of the contract, no decision which the District Court could properly render other than the one it did of finding a judgment for the plaintiff.

The judgment is affirmed, with costs.