PHILIP COHEN v. CYZAM REALTY COMPANY.

Decided October 7, 1925.

**Sale of Real Estate—Breach of Contract Found—Court Did Not Error in Charging That if Jury Found For Plaintiff He Might be Reimbursed For Amount of Recovery Paid, Also the Loss of His Bargain.**

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *James A. Hamill.*

*Contra, John F. Gough.*

PER CURIAM.

This was an action brought to recover the loss alleged to have been sustained by the plaintiff by reason of the breach by the defendant of a contract for the sale of land in Jersey City, the defendant being the intending vendor and the plaintiff being the intending purchaser. The trial resulted in a verdict in favor of the plaintiff, his damages being assessed at $3,566.

The first contention submitted to us as a reason for making this rule absolute is that there was no breach by the

defendant of the contract referred to. Our examination of the case satisfies us that there is no merit in this contention. It is further argued that, even if there was evidence supporting the claim of the plaintiff that the contract was broken, the defendant proved by the preponderance of the evidence that this was not so in fact. We cannot say, after examining the proofs, that the finding of the verdict that the contract was broken by the defendant is contrary to the clear weight of the evidence.

The only other point argued is that the damages awarded by the jury are excessive, due to the fact that the court erroneously charged the jury on the question of the measure of damages. The charge of the court was that the plaintiff, if the jury should find in his favor, was entitled to be reimbursed the amount of money which he had paid on account of the purchase price of the property, and also the loss of his bargain—that is, the difference between the market value of the property and the purchase price provided by the contract, if the jury should find that the market value was in excess of the purchase price. This instruction was in accordance with the rule laid down by the Court of Errors and Appeals in *Brown* v. *Honniss*, 70 *N. J. L.* 260, and the damages were assessed by the jury on the basis of this instruction. We conclude, therefore, that this point is without merit.

The rule to show cause will be discharged.