JOSEPH RABINOWITZ, APPELLANT, v. THEODORE E. DEBOW, RESPONDENT.

Submitted May 28, 1927—Decided October 17, 1927.

For the appellant, *Carr & Carroll.*

For the respondent, *S. Rusling Leap.*

The opinion of the court was delivered by

TRENCHARD, J. This is a vendee's suit against a vendor to recover back money deposited on account of a contract for the sale of real estate, and for consequential damages based on the value of the bargain.

At the trial a verdict was directed for the plaintiff for the amount of the down money and interest, and for the defendant on the count for damages for the loss of the bargain. The plaintiff appeals from the judgment entered upon the verdict directed for the defendant.

The sole question on this appeal is whether or not, under the evidence, it was open to the jury, under the rules of law, to award the plaintiff damages based on the value of the bargain. We think that it was not.

The defendant vendor had contracted to convey the real estate "free and clear of all encumbrances and easements." That he did not do. He says that he did not do it because his title was defective.

Where a vendor who has contracted to convey real estate free of encumbrances is unable to convey because of a defective title, and the vendee has paid a part of the purchase money, at common law damages were restricted to recovery back of the deposit money and interest. *Gerbert* v. *Trustees,* 59 *N. J. L.* 160; *Mangonaro* v. *Kare,* 84 *Id.* 408.

The act of 1915 (*Pamph. L., p.* 316) allowed recovery also, in such case, of "the reasonable expenses of examining the title and making survey," with the proviso that "this act shall not limit the recovery where the purchaser may seek to recover for the deceit or fraud of the vendor."

Of course, it was always the rule that if a vendor willfully refused to convey a good title held by him which he had contracted to convey, consequential damages based on the

value of the bargain could be recovered. *Brown* v. *Honniss,* 70 *N. J. L.* 260; *Cohen* v. *Cyzam Really Co.,* 130 *Atl. Rep.* 440.

If, then, there was a jury question as to the willfulness of the refusal to convey a good title, the direction of a verdict for the defendant was wrong, as the complaint charged a willful refusal.

We think that the evidence did not present any such jury question, and that, consequently, the trial judge rightly directed the verdict for the defendant.

The contention of the plaintiff-vendee seems to be, in effect, that the evidence did not show conclusively that defendant could not make a good title, and that if the title had been defective, plaintiff would have taken it with such defects.

To this we think that it is a sufficient answer to say that such contention is ill-founded in point of fact. The contract in question expressly provided that "the title is to be such as will be insured by any reputable title company." The title company's search disclosed defects in the title, one of which manifestly could not be removed. As we read it the un-contradicted testimony of the plaintiff at the trial was to the effect that he recognized such defects and required such defects to be removed as a condition of his acceptance. Moreover, admittedly the plaintiff, through his attorney, in writing to the defendant, called attention to such defects and repudiated the contract, while matters were still in a state of development; which action certainly amounted to an election on his part not to take the title that the defendant had to give.

As stated, the rule is that if a vendor of real estate willfully refuses to convey a good title held by him, which he had contracted to convey free of encumbrances, consequential damages based on the value of the bargain can be recovered by the vendee; but where, as here, such a vendor is unable to convey because of defects in his title, such damages cannot be recovered. And where, in an action such as this for such consequential damages based on the value of the bargain only, the evidence conclusively shows that such refusal to

convey was because of such defects in title, which were recognized by the vendee, who repudiated the contract and refused to take a conveyance subject to such defects, a direction of a verdict for the defendant was proper.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.