JACOB K. SAFRIS AND HARRY LESSER, RESPONDENTS,
v. THOMAS F. SOMERS, JR., EXECUTOR AND TRUS-
TEE OF THE ESTATE OF THOMAS F. SOMERS, DE-
CEASED, APPELLANT.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellant, *Lionel P. Kristeller, Jacob L. Newman*
and *George H. Rosenstein.*

For the respondents, *Zucker & Goldberg.*

The opinion of the court was delivered by

DONGES, J.  This appeal brings up a judgment of the
Supreme Court entered upon order of the Chief Justice strik-
ing out the answer and counter-claim of the defendant-
appellant, except the answer to paragraph 15 of the complaint
(which answer to paragraph 15 denied the proper amount of
expenditures made by plaintiffs for examination of title, and
which issue was tried and resulted in a verdict for plaintiffs)
and ordering judgment for plaintiffs for the balance of the
claim.

The plaintiffs-respondents contracted with Thomas F.
Somers, deceased, to buy a piece of land in Bradley Beach

for the sum of $60,000. Four thousand dollars was paid when the contract was executed. The balance was to be paid partly in cash and partly by mortgages on the date of settlement, which was fixed as September 15th, 1925. The contract provided that the title should be conveyed by a warranty deed "conveying the premises free and clear of any and all encumbrances except those mentioned in this contract." Those mentioned in the contract were a lease by Somers to one Frost and the rights of the New York Telephone Company in the cables and conduits laid in the premises.

Settlement was not made on the day fixed because the vendor was not in position to convey title free and clear of all encumbrances, there being some restrictions by condition or covenant on the premises. The appellant asserts that the respondents were not able, ready and willing to make settlement at the time fixed, but time was not made of the essence of the contract, and it appears from the proofs that the appellant's decedent tendered himself as willing to make the settlement at a later date. Respondents brought suit to recover the down payment of $4,000, with interest, and their expenses for examination of title. They set out in their complaint that the property was subject to building restrictions and that the vendor was not able to make title in accordance with the contract. The defendant answered denying all of the allegations of the complaint and setting up by separate defenses that plaintiffs were not ready, willing and able to make settlement; that they waived and abandoned all restrictions and conditions, and waived and abandoned all obligations thereto; and that they agreed to take such title as Somers in his lifetime had. And by way of counter-claim defendant alleged that by reason of plaintiffs' default the estate of the decedent lost $25,000, which was therein demanded as damages.

On motion to strike out the answer and counter-claim it appeared indisputably from the proofs that the premises were subject to restrictions and conditions which were not ex-

cepted in the contract. It appeared conclusively that the decedent was not able to perform the contract, and that the matters raised by the separate defenses were outside the contract and, under the rule of evidence relating thereto, would not be admissible in a court of law. The same reasoning applies to the counter-claim, on which the appellant could not hope to succeed without varying the terms of the written contract.

The plaintiffs, under the contract, were not obliged to tender themselves on the day of settlement in the circumstances. *Bernstein* v. *Kohn,* 96 *N. J. L.* 223. It would have been useless if they had done so, for the vendor could not make title in accordance with the contract and this fact, as above stated, is beyond controversy. It did appear that the plaintiffs were able and willing to perform and that there was no waiver of the terms of the contract.

The answering affidavit of the defendant did not meet the situation presented by the complaint and plaintiffs' affidavits on the motion to strike out the answer. No mention is made of the claim of waiver or agreement to take decedent's title, but the failure of plaintiffs to tender on the day of settlement alone is relied on. From all the proofs it appears that the answer and counter-claim could not be sustained under the admitted facts. Plaintiffs were entitled to recover the money paid on account. *Reutler* v. *Ramsin,* 91 *N. J. L.* 262.

Finding no error in the record, the judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.