JOSEPH HERMAN, PLAINTIFF-RESPONDENT, v. GEORGE R. HANDLER, DEFENDANT-APPELLANT.

Argued October 2, 1940—Decided October 18, 1940.

Before Justices BODINE and PORTER.

For the defendant-appellant, *George R. Handler, pro se.*

For the plaintiff-respondent, *Haines & Chanalis* and *Paul M. Slack.*

BODINE, J. The agreed state of the case was as follows: "The action was to recover the deposit and reasonable search fees upon a contract to purchase real estate which was never consummated. Mr. Lintott was sworn for the plaintiff and gave evidence as to the reasonableness of the search fee and offered the contract which was received in evidence. * * * The court gave judgment for the plaintiff against the defendant, allowing the deposit and search fees, in the sum of $216.25."

The contract provided: "The consummation of this contract is conditioned upon the Building and Loan Association, owner, conveying the premises above described to the party of the first part, and to the approval of such conveyance by the Department of Banking and Insurance."

It is conceded that the purchaser was entitled to his deposit since the building and loan association, the owner of the premises, would not convey for the price mentioned, and the Department of Banking and Insurance would not approve the same. The judgment should not have included the search fees.

*N. J. S. A.* 2:45-1 is as follows: "When any person shall contract to sell real estate and shall not be able to carry out such contract because of a defect in the title to the real estate the person with whom such contract was made, or his legal representatives or assigns, may, in an action for the breach of the contract of sale, recover from the vendor, not only the deposit money, with interests and costs, but also the reasonable expenses of examining the title and making survey, unless the contract shall provide otherwise. This

section shall not limit the recovery where the purchaser seeks to recover for the deceit or fraud of the vendor."

The recovery of search fees under the statute is limited to instances where there was a breach of the contract of sale because of a defect in the title. It is not broad enough to apply to this case. The contract expressly provided that its consummation was conditioned upon obtaining title. The simple way of stating the meaning of the parties would be the defendant will sell the property if he is able to buy it for the price stated. Since the defendant was unable to buy it, there was no breach of the contract to sell and the recovery should have been confined to the $100 deposited because of the failure of the consideration.

The judgment is reversed.