SAMUEL H. EARLIN, PLAINTIFF–APPELLANT, v. RALPH S. MORS AND CAROLINE L. MORS, HIS WIFE, DEFENDANTS–RESPONDENTS.

Argued November 29, 1948—Decided January 17, 1949.

338

*Mr. Meyer M. Semel* argued the cause for the plaintiff-appellant.

*Mr. Gerald W. Kolba* argued the cause for the defendants-respondents (*Mr. Julius A. Feinberg,* attorney).

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment of the former Supreme Court for the defendant based upon a directed verdict in his favor. The complaint demanded judgment for the amount of earnest money and the search fees incurred by the plaintiff incident to the examination of title to land referred to in a contract of sale of real estate.

In passing upon a motion for a directed verdict the evidence will not be weighed. A party against whom the motion is made is entitled to all the evidence in his favor and to have all legitimate inferences drawn therefrom regarded as true. When fair minded men may honestly differ as to the conclusion to be reached on that evidence, controverted or uncontroverted, the case must be submitted to the jury.

Giving due effect to this rule, we proceed to the facts: At the trial evidence was presented from which the following facts stand undisputed. On June 28, 1946, plaintiff agreed to purchase from defendants certain lands and premises in Livingston, Essex County. The written agreement of sale called for settlement on August 1, 1946 and acknowledged receipt of $500 paid as earnest money. Another $800 was paid by plaintiff the following day. On July 10, 1946, plaintiff's attorney wrote to the broker who had negotiated the sale and represented

340

both parties and informed him that plaintiff had elected to
"rescind" the contract for the reason that plaintiff was unable
to raise the necessary funds. On July 16, 1946 defendant's at-
torney notified plaintiff that defendants would be prepared to
close title at the office of the broker on the date specified in
the agreement of sale and fixed the hour at 10 A. M. The
letter further stated that title must close on the specified day
as defendants were leaving for California the next day. On
August 1, 1946 the date set for settlement defendants appeared
in the broker's office. There was no appearance of or for the
plaintiff.

On August 23, 1946 the present counsel for plaintiff ad-
dressed a letter to defendants' attorney wherein he set forth
seven alleged defects in title and concluded with the following
statement: "Under the circumstances, my client has elected to
rescind the contract and does herewith make demand upon your
clients for the return of the deposit of $1300.00 plus search fees
and costs of $250.00 additional." It developed upon cross exam-
ination that the search upon which these objections were based
was made between August 6, 1946 and August 10, 1946. On
August 19, 1946, defendants executed an agreement of sale of
the premises in question to one Siegel who entered into pos-
session on or about August 24, 1946 and settlement was had
between these parties on November 22, 1946.

▮▮▮ Upon the conclusion of the case the defendant moved
for a directed verdict which the Court granted.

The letter of July 10, 1946 was an unqualified statement by
the plaintiff that he did not intend to perform the contract.
This statement was ignored by the defendant who elected to
consider the contract still in effect. At law, the day fixed in
the contract is of the essence. *Pietsch v. Stirling Home Build-
ings*, 97 *N. J. L.* 451 *(Sup. Ct.* 1922) affirmed 98 *N. J. L.* 569
*(E. & A.* 1923). Moreover even where time for performance
of a contract is not of the essence, one party may by notice
make it so. *Wyatt v. Bergen,* 98 *N. J. Eq.* 502 *(Ch.* 1924) af-
firmed 98 *N. J. Eq.* 738 *(E. & A.* 1924), *Williston, Contracts,*
*Sec.* 852 *at page* 2388. After defendant's letter of July 16, 1946,
the time fixed by the contract, August 1, 1926, was unquestion-
ably of the essence. When at that time the plaintiff failed to

comply, it was he who breached the contract. At that time he could not have based his refusal to perform upon the alleged defects in the title for he was ignorant thereof, the search not being commenced until six days thereafter. The only permissible inference to be drawn from the facts is that plaintiff failed to perform due to his admitted inability to obtain the purchase money.

It is a settled rule that financial inability to perform a contract does not excuse a party from its obligation. *Lincoln Bus Company v. Jersey Mutual Casualty Insurance Co., et al.,* 112 *N. J. Eq.* 527, 528 *(Ch.* 1933*); Huyler's v. Ritz-Carlton &c. Co.,* 1 *N. J. Misc.* 64 *(Sup. Ct.* 1923*); Hopper v. Hopper,* 16 *N. J. Eq.* 147 *(Ch.* 1863*); Williston, Contracts, Sec.* 1932*, page* 541*a.* Therefore the plaintiff was in the position of having failed to perform his agreement for an inadequate reason. A consideration of the significance of the commencement of a title search, six days after the date of settlement and nearly a month after the effort on the part of plaintiff to evade his contractual duties leads inexorably to the conclusion that the search was ordered by way of an afterthought for his own delinquency, with the hope it would disclose objections to the title and had no relation in fact to the breach. The plaintiff attempts to infer knowledge on the part of the defendants of the alleged defects in the title from the evidence of Siegel, the eventual purchaser of the property, who testified that defendants had advised him to have a title search on the property. From this meager statement the plaintiff infers that defendants knew they possessed an unmarketable title. It is a matter of common knowledge that titles are searched prior to settlement and that this examination is usually at the direction of and is paid for by the Buyer. Rather than pointing towards a guilty knowledge defendants' suggestion imported commendable rectitude on their part which is borne out by the fact that the title was searched on behalf of Siegel and settlement was thereafter made.

Plaintiff relies on *R. S.* 2:45–1. The law prior to the enactment of this state permitted recovery of only the earnest money and interest thereon in the event of the inability to convey a good title. This statute enlarged the recovery to in-

clude the reasonable expense of examining title and making survey. *Rabinowitz v. Debow,* 104 *N. J. L.* 62 *(E. & A.* 1927). The plaintiff acquires thereunder no added right to base his gravamen. The weakness of his argument lies in the fact that, as was pointed out in *Herman v. Handler,* 125 *N. J. L.* 324, 326 *(Sup. Ct.* 1940) the applicability of the statute is limited to instances wherein a defect in the title caused the breach. In the instant case the reason for the breach by the plaintiff was his inability to provide the balance of the purchase price.

The plaintiff further justifies his delinquency by alleging that the contract was breached by the defendants having listed the property for resale after August first and negotiating with Siegel and asserts that these actions constituted an abandonment of the contract by the defendants, citing *Wolff v. Meyer,* 75 *N. J. L.* 181 *(Sup. Ct.* 1907) affirmed 76 *N. J. L.* 574 *(E. & A.* 1908). The argument is based upon the premise that the plaintiff's position at the time of the above action of the defendant was free from fault as was the case in *Wolff v. Meyer, supra.* However, that principle is not applicable to the instant case as the defendants were justified in changing their position after plaintiff's letter of July 10, 1946 and his failure to appear at the settlement on August 1, 1946, or explain his absence.

The contract contains no provisions for damages in the event of a breach. Under such circumstances a purchaser who alone repudiates the contract without justifiable cause, as in the instant case, cannot recover under it. *Katz v. Katz,* 134 *N. J. L.* 303, 304, *(Sup. Ct.* 1946).

Under the principles set forth above the granting of a directed verdict as to the plaintiff was proper.' This disposition makes it unnecessary to deal specifically with plaintiff's remaining involved questions which relate to alleged defects in title.

The judgment of the former Supreme Court is affirmed.

Justices HEHER and OLIPHANT concur in result.

*For affirmance:* Chief Justice VANDERBILT, and Justices CASE HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For reversal:* None.