**KAHLE et al. v. AMTORG TRADING CORPORATION.**

No. C–11857.

United States District Court, D. New Jersey.

Oct. 19, 1950.

406

Spingarn & Sachs, Union City, N. J., for plaintiffs.

Morton Stavis, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiffs seek to recover the purchase price of a certain machine, to wit, $27,225. The action is before the Court at this time on two motions: a motion for judgment on the pleadings, filed by the plaintiffs, under the Federal Rules of Civil Procedure, Rule 12 (c), 28 U.S.C.A., and a motion for summary judgment, filed by the defendant, under the Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. The former is supported by the affidavit of one of the plaintiffs, and the motion will therefore be treated as one for summary judgment.

The plaintiffs allege: (1) the execution of a written contract for the manufacture and sale of a certain machine, identified as a "Button Stem Machine"; (2) the completion of the machine; (3) the tender of delivery "in accordance with the said" contract; (4) the refusal of the defendant to accept delivery; and (5) the refusal and failure of the defendant to make payment. The defendant admits the execution of the written contract but denies the other allegations; the denials are not reiterated in the affidavit filed by the defendant, and it may be inferred, at least for the purpose of this motion, that the defendant refused to accept delivery of the machine and failed to make payment. The principal defense urged by the defendant, both in its answer and on the present motions, is a breach of contract by the plaintiffs to wit, the failure of the plaintiffs to make delivery within the time fixed.

### Facts.

#### I.

The plaintiffs and defendant entered into a contract by the terms of which the plaintiffs agreed to manufacture and sell to the defendant several machines, one of which is identified as a "Button Stem Machine." The entire contract is embodied in an order dated April 10, 1947, which order was submitted to the plaintiffs by the defendant and accepted by the former.

It appears from the documents before the Court that the preparation and submission of the order were preceded by preliminary negotiations between the representatives of the respective parties.

## II.

The contract contains a specific provision as to "dates of delivery." This provision, as we construe it, required delivery of the "Button Stem Machine" in November 1947. It should be noted that the time fixed for delivery, to wit, eight months, is consistent with the time fixed by the plaintiffs in a letter dated February 25, 1947 (Exhibit B, annexed to the affidavit of Semion S. Cherniakov); it is therein stated, "Delivery is changed to 8 months." The authenticity of this letter is not disputed.

## III.

The machine was not completed and the delivery thereof was not tendered until the spring of 1948; the exact date when delivery was tendered is uncertain but it would seem to be after March 23. The defendant refused to accept delivery at that time but expressed a willingness to waive the delay and accept delivery if an "export license" could be obtained from the Office of International Trade of the Department of Commerce. The "export license" was not obtained and the defendant refused to accept delivery of the machine.

## IV.

The exportation of the machine, although apparently not subject to regulation when the contract was executed, was made subject to regulation on March 1, 1948. It appears from a cursory examination of the regulation that the exportation of the machine was prohibited unless the export was licensed by the Office of International Trade of the Department of Commerce. This fact, however, is unimportant and we state it only because one of the defenses interposed by the defendant is based upon it.

## Discussion.

It is our opinion that the only issue here raised is one of law, to wit, the construction to be given the contract. As a fundamental principle of construction, the contract must be construed as a whole; the provisions must be read together and so construed, if possible, so as to render none of them meaningless. The present contract presents no real problem; its provisions are clear and unambiguous.

It is argued by the plaintiffs, first, that the time of delivery was not of the essence, and second, that if the time of delivery was of the essence the condition was waived. It is argued by the defendant that the time of delivery was of the essence and that there was no waiver of the condition. We are inclined to agree with the argument of the latter.

It clearly appears upon a mere reading of the agreement that the delivery of the machine was to be made in November 1947. The defendant was not obligated to accept delivery at a later time. The time of delivery was fixed by the contract and was of the essence under the express provision pertaining thereto. Pietsch v. Stirling Home Builders, 97 N.J.L. 451, 117 A. 475, affirmed 98 N.J.L. 569, 119 A. 926; Earlin v. Mors, 1 N.J. 336, 63 A.2d 531; See also Shinn et al. v. Roberts, 20 N.J.L. 435, 445. The failure of the plaintiffs to make delivery within the time fixed was a breach of the agreement and the defendant was therefore justified in its refusal to accept delivery when tendered.

We entertain some doubt as to the place of contract but, since the laws of New Jersey and New York are not in conflict, there appears to be no reason to resolve the doubt. We direct the attention of the litigants to two cases: Mawhinney v. Millbrook Woolen Mills, 234 N.Y. 244, 249, 137 N.E. 318, and Trainor Co. v. Amsinck & Co., Inc., 236 N.Y. 392, 394, 140 N.E. 931.

It is further argued by the plaintiffs that the provision of the contract which governed the time of delivery was waived by the defendant. This argument appears to be predicated solely on the following facts, which are not disputed: first, four other machines, which were manufactured by the plaintiffs in accordance with the contract, were delivered in February of 1948, months

408

after the time fixed in the contract for their delivery; and second, the delivery of these machines was accepted by the defendant without protest, notwithstanding the delay.

■ It is our opinion that the argument is without merit. The defendant had a right to waive the provision as to time of delivery, which it apparently did, and accept delivery of the other machines when made. This waiver, however, may not be construed as an assent to the late delivery of other machines, especially where, as here, the plaintiffs were already in default.

The contract was not the usual installment contract under which the seller is required to make successive and periodic deliveries to the buyer; this was a divisible contract under which the seller was required to deliver each of the several machines within the time therein fixed. The buyer had a right to insist upon prompt delivery of each of the machines.

■ We direct our attention to an affirmative defense asserted in the Answer, to wit, that the promulgation of Export Regulations, 13 Fed.Reg. 1120, by the Office of International Trade deprived the defendant of its right to export the machine, a right which it had when the contract was executed, and thereafter, until March 1, 1948. It is our opinion that this defense is without merit. The right of the defendant to export the machine is clearly not a condition of the contract.

There were cited in the brief of the plaintiffs several cases in support of the argument that the time of delivery was not of the essence. Kerney v. Johnson, 104 N.J. Eq. 244, 144 A. 808; Bommelyn v. Moss, 123 N.J.Eq. 236, 197 A. 6; Norton v. Miller, 138 N.J.Eq. 235, 47 A.2d 738, affirmed 139 N.J.Eq. 310, 50 A.2d 895; Schwartz v. Hoffman Foundation & Holding Corp., 139 N.J.Eq. 349, 51 A.2d 240. The law of these cases is not applicable here. There were involved in each of the cases suits in equity for specific performance of contracts for the sale of real property; the ultimate decision in each of these cases rested upon equitable principles ordinarily applied in suits of that character.

Conclusions.

I.

The failure of the plaintiffs to deliver the machine within the time fixed was a breach of contract and the defendant was therefore justified in its refusal to accept delivery at a later date. The plaintiffs are therefore not entitled to recover the purchase price of the machine.

II.

The defendant is entitled to judgment as a matter of law, and its motion for summary judgment will therefore be granted.

III.

The plaintiff's motion for summary judgment will be dismissed.